```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF TEXAS
                           HOUSTON DIVISION


CAPITAL FINANCE & COMMERCE AG,    §
                                  §
                    Plaintiff,    §
                                  §
v.                                §    CIVIL ACTION NO. H-05-2391
                                  §
FIRST INTERNATIONAL OIL           §
CORPORATION, et al.,              §
                                  §
                    Defendants.   §
```

## MEMORANDUM OPINION AND ORDER

Defendants, Sinopec International Petroleum Exploration & Production Corporation (Sinopec International), Sinopec USA, Inc., First International Oil Corporation, and First International Oil Co., Ltd. (FIOC), removed this action under 28 U.S.C. § 1441(d) claiming that defendant Sinopec International is a foreign state within the meaning of 28 U.S.C. §§ 1330, 1603.  Plaintiff filed a Motion to Remand (Docket Entry No. 10) arguing that Sinopec International is not a foreign state.  Defendants disagreed and filed a Response in Opposition to Motion to Remand (Docket Entry No. 26).  Pursuant to Plaintiff's Notice of Dismissal (Docket Entry No. 35), the court dismissed defendants Sinopec U.S.A., Inc. and Sinopec International on September 28, 2005 (Docket Entry No. 36). Plaintiff then filed a Reply to Defendants' Response in Opposition

to Motion to Remand (Docket Entry No. 37). In its reply plaintiff argues that because it dismissed the defendant that claimed foreign state status, the basis for federal subject matter jurisdiction and removal jurisdiction no longer exists. Today, defendant, FIOC filed a Surreply.

The Supreme Court has held that if a plaintiff drops all federal claims after removal, leaving only pendent state law claims, a federal district court has discretion to decline to exercise jurisdiction over the pendent state law claims and to remand them. Carnegie-Mellon University v. Cohill, 108 S.Ct. 614, 623 (1988). Although the Court did not announce a bright-line rule, it did state that when the only federal claim is eliminated early in the litigation the district court had "a powerful reason to choose not to continue to exercise jurisdiction." 108 S.Ct. at 619. Similarly, when the foreign state source of federal removal jurisdiction is withdrawn from a case, "the district court is free to exercise its discretion to remand the remaining defendants to state court, and in most instances will no doubt do so." Arango v. Guzman Travel Advisors Corp., 621 F.2d 1371, 1376-77 n.6 (5th Cir. 1980).

This case is in its early stages, the court has not addressed the merits of the case, and no scheduling order has been entered. Although FIOC argues that the court should retain the case because plaintiff has attempted to manipulate the forum and that

fundamental fairness militates against remand, the court is not persuaded. A plaintiff may decide where to file suit and whom to sue. This action was originally filed in state court. The fact that plaintiff chose to dismiss two of the defendants in order to return to state court does not strike the court as manipulative. The burdens that FIOC cites in support of the fundamental fairness argument does not persuade the court that it would be unfair to defendants to remand the case. Because the court is persuaded that there is no reason to retain jurisdiction, the court will exercise its discretion to remand the case.

In its Motion to Remand plaintiff requested that the court order defendant Sinopec International to pay plaintiff's expenses and fees, including attorney's fees. The court will not order payment of expenses and fees since Sinopec International has been dismissed from the lawsuit at plaintiff's request.

Plaintiff's Motion to Remand (Docket Entry No. 10) is **GRANTED**. This action is **REMANDED** to the 55th Judicial District Court of Harris County, Texas. The clerk will promptly deliver a copy of this Memorandum Opinion and Order to the District Clerk of Harris County, Texas.

**SIGNED** at Houston, Texas, on this 30th day of September, 2005.

SIM LAKE
UNITED STATES DISTRICT JUDGE